UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:15-cr-00150-JPH-TAB |
| | ) | |
| GERARDO A. GARCIA, | ) | -02 |
| | ) | |
| Defendant. | ) | |

## ORDER

### I.

Defendant filed a pro se motion that the Court construed as a Motion for Compassionate

Release under Section 603 of the First Step Act of 2018. Dkt. 371. Counsel has appeared on behalf

of Defendant, and the case has been stayed pending counsel's review and analysis of Defendant's

eligibility for compassionate release pursuant to the First Step Act of 2018. Dkts. 372, 373.

The Court has ordered that "[p]roceedings will resume, and the stay will be lifted, when

counsel files an Amended Motion for Compassionate Release on the Defendant's behalf or adopts

Defendant's previously-filed Motion (by notifying the Court and filing a motion to lift the stay), a

Stipulation to Reduction of Sentence is filed, or the Court grants counsel's motion to withdraw

from the Defendant's case." Dkt. 372. The Court notifies the parties that, if one of these events has

not occurred by **January 4, 2021**, the Court will lift the stay and enter a briefing order. The Court

will extend the stay only upon motion from Defendant's counsel that is supported by good cause.

### II.

Requests for compassionate release are governed by 18 U.S.C. § 3582(c)(1)(A)(i). That

section prevents a court from modifying a sentence until "after the defendant has fully exhausted

all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." This Court has held that the exhaustion requirement is not jurisdictional and can be waived by the government but that the Court cannot waive it over the government's objection. *See United States v. Cox*, No. 4:18-cr-17-TWP-VTW-1, 2020 WL 1923220, at *3 (S.D. Ind. Apr. 21, 2020); *United States v. Jackson*, No. 2:15-cr-00013-JMS-CMM-1, Dkt. 137 (S.D. Ind. Apr. 28, 2020). Accordingly, any Amended Motion for Compassionate Release or motion to lift stay and adoption of Defendant's previously-filed Motion filed consistent with Part I of this Order must be supported by evidence that Defendant has exhausted administrative remedies or that 30 days have passed since the Warden received Defendant's request for compassionate release (such as a document showing the warden's receipt of the request, a denial from the warden, or a declaration under penalty of perjury stating when Defendant made the request for compassionate release, the contents of the request, and how it was transmitted to the warden). Alternatively, Defendant's counsel may confer with the United States and submit a statement certifying that the United States agrees that Defendant has exhausted administrative remedies or that the United States will waive the exhaustion requirement in this case.

**SO ORDERED.**

Date: 12/7/2020

James Patrick Hanlon
United States District Judge
Southern District of Indiana

2

**Distribution:**

All Electronically Registered Counsel