UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:15-cr-00150-JPH-TAB |
| | ) | |
| GERARDO A. GARCIA, | ) | -02 |
| | ) | |
| Defendant. | ) | |

**ORDER**

**I.**

On May 18, 2020, Defendant filed a pro se motion that the Court construed as a motion for compassionate release under Section 603 of the First Step Act, which is codified at 18 U.S.C. § 3582(c)(1)(A). The Court appointed counsel to represent Defendant, dkt. 372, and counsel filed a memorandum in support of Defendant's motion, dkt. 400. On January 26, 2021, the Court directed the United States to respond within 4 days. Dkt. 404. The United States now asks the Court to issue an order: (1) directing Defendant to show cause why Defendant's motion should not be denied for failure to exhaust administrative remedies; (2) directing Defendant to show cause why the threat posed by the COVID-19 virus still constitutes an "extraordinary and compelling reason" justifying the defendant's release under § 3582(c)(10(A) in light of the fact that he may soon be vaccinated against COVID-19; and (3) staying proceedings until further Order of the Court. Dkt. 405.

Section 3582 provides that the court,

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant or the lapse of 30 days from receipt of such a request by the warden

>of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . .

*Id.* The Seventh Circuit recently held that the exhaustion requirement of § 3582(c)(1)(A) is "an affirmative defense, not a jurisdictional prerequisite, so the government will lose the benefit of the defense if it fails to properly invoke it." *United States v. Sanford*, __ F.3d __, No. 20-2445, 2020 WL 236622, at *3 (7th Cir. Jan. 25, 2021) (citing *United States v. Gunn*, 980 F.3d 1178, 1181 (7th Cir. 2020)). It also recently held that the exhaustion requirement is a mandatory claim-processing rule that "*must* be enforced when properly invoked." *Id*.

In *Sanford*, the defendant made an administrative request for relief to his warden and then filed a motion for compassionate release with the court just three days later—without waiting for a response (and pursuing an administrative appeal) or the lapse of 30 days. *Id.* The United States argued in the district court that the exhaustion requirement in § 3582(c)(1)(A) barred the motion. *Id.* at *2. In reply, the defendant's counsel argued that the administrative request had been denied on May 14—more than 30 days before—and urged the court to proceed directly to the merits. *Id.* The district court bypassed the exhaustion issue and denied the motion on the merits. *Id.* at *2. On appeal, the Seventh Circuit affirmed the denial of the motion, concluding that it need not reach the merits because the defendant's failure to comply with the statute's exhaustion requirement resolved the appeal. *Id.* at *3.

In this case, Defendant made an administrative request for relief to his warden on April 21 or 22, 2020. *See* dkt. 371 at 2 (stating that Defendant made his administrative request on April 21, 2020); *see also* dkt. 371-1 at 1 (warden's denial noting that the administrative request was received on April 22, 2020). The warden denied the request on April 27, 2020. Dkt. 371-1 at 1. It does not appear that Defendant appealed this denial or exhausted his administrative remedies. Instead, he filed his motion for compassionate release with this court on May 18, 2020—at most, 27 days after

he made his administrative request for relief. Dkt. 371. That is, he filed his motion with this Court a few days too soon. The United States has raised the issue of exhaustion, arguing that his motion must be denied under *Sanford*. Dkt. 405.

It appears to the Court that Defendant filed his motion for compassionate release with this Court without complying with the requirements of § 3582(c)(1)(A)—that is, without exhausting his administrative remedies or waiting 30 days. Because the United States has properly raised the issue of exhaustion, it appears that Defendant's motion for compassionate release must be denied under *Sanford*.

Accordingly, the United States' Motion to Stay Proceedings and for Order to Show Cause, dkt. [405], is **granted to the extent stated in this Order**. Within 7 days of the date of this Order, Defendant must file a notice explaining why the Court should not deny his motion under *Sanford*. Alternatively, because 30 days have now passed since Defendant made his administrative request, Defendant's counsel may withdraw Defendant's pro se motion for compassionate release and file an amended motion for compassionate release on his behalf.[1] Appointed counsel's representation shall continue until the defendant's motion for compassionate release is resolved on the merits or counsel's motion to withdraw is granted. **Failure to respond to this Order will result in Defendant's motion for compassionate release being denied without prejudice for failure to exhaust administrative remedies.**

Because the exhaustion issue is potentially dispositive, the Court will not require Defendant to address the vaccination issue at this time.

---

[1] The Court notes that § 3582(c)(1)(A) does not place a limit on how many times a defendant can move for compassionate release. Thus, Defendant's failure to comply with the exhaustion requirement means simply that he must file a new motion once he has complied with the statutory exhaustion requirements. Because more than 30 days have passed since Defendant made his administrative request for exhaustion, all Defendant needs to do is file a new motion for compassionate release.

## II.

The United States' Unopposed Motion to Extend Deadline to File Response, dkt. [406], is **granted**. The United States need not respond to the merits of Defendant's motion for compassionate release until the Court has resolved the exhaustion issue. After that issue has been resolved, the Court will issue a new briefing order if necessary.

**SO ORDERED.**

Date: 2/3/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All Electronically Registered Counsel