UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:15-cr-150-JPH-TAB-02 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| GERARDO GARCIA | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion

1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:15-cr-00150-JPH-TAB |
| ) | |
| GERARDO A. GARCIA, ) -02 | |
| ) | |
| Defendant. ) | |

## ORDER

Defendant Gerardo A. Garcia has filed an amended motion for compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A).[1] Dkt. 416. Mr. Garcia seeks immediate release from incarceration. *See id.* at 1. For the reasons explained below, his motion is **denied**.

## I. Background

In 2017, a grand jury charged Mr. Garcia with conspiracy to possess with intent to distribute and to distribute controlled substances. Dkt. 187. Shortly thereafter, Mr. Garcia entered a petition to enter plea of guilty and plea agreement. Dkt. 263. He pleaded guilty to conspiracy to possess with intent to distribute and to distribute five kilograms or more of cocaine. *Id.* at ¶ 1. As part of the stipulated factual basis, Mr. Garcia admitted that he participated in the conspiracy for approximately two years before his arrest and that he and another defendant delivered approximately 100 kilograms of cocaine. *Id.* at ¶ 12. The Court accepted Mr. Garcia's guilty plea,

---

[1] Mr. Garcia moved to withdraw his first motion for compassionate release, dkt. 415, and the Court granted his motion, dkt. 417.

dkt. 268, and imposed a sentence of 108 months' imprisonment and five years' supervised release, dkt. 296.

The Bureau of Prisons ("BOP") lists Mr. Garcia's anticipated release date, with good-conduct time included, as March 22, 2023. Dkt. 416-1 at 3.

Mr. Garcia contends that his medical conditions, when combined with the threat posed by the COVID-19 pandemic, constitute an "extraordinary and compelling reason" for a sentence reduction within the meaning of § 3582(c)(1)(A). Dkt. 416 at 7-13. The United States opposes Mr. Garcia's request arguing both that Mr. Garcia has not presented an extraordinary and compelling reason justifying a sentence reduction and that a sentence reduction is not warranted considering the danger Mr. Garcia poses to the community and consideration of the sentencing factors in 18 U.S.C. § 3553(a). Dkt. 419. In response to a Court order, the United States presented evidence that Mr. Garcia received the COVID-19 vaccine in April 2021. Dkts. 426, 426-1. Mr. Garcia has not filed a reply in support of his motion for compassionate release or responded to the evidence that he received the vaccine.

## II. Legal Standard

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Under one exception to this rule, the court may "reduce a prison sentence if, 'after considering the factors set forth in section 3553(a) to the extent that they are applicable,' it finds 'extraordinary and compelling reasons warrant[ing] such a reduction.'" *United States v. Sanders*, 992 F.3d 583, 587 (7th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute." *United Stats v. Gunn*, 980 F.3d 1178, 1180-81 (7th Cir. 2020). But "[t]he movant bears the burden of establishing 'extraordinary and

compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

### III. Discussion

Mr. Garcia argues that his medical conditions—diabetes, hypertension, obesity, and high cholesterol—combined with the threat of the COVID-19 pandemic constitute an extraordinary and compelling reason to warrant a sentence reduction. Dkt. at 8–13. Considering the availability of a COVID-19 vaccine, these circumstances do not establish an extraordinary and compelling reason to grant Mr. Garcia's request for compassionate release.

Three vaccines are being widely distributed in the United States, and the Court assumes Mr. Garcia received the second dose of the Pfizer vaccine.[2] Although no vaccine is perfect, the CDC has recognized that COVID-19 vaccination prevents most people from getting COVID-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html (last visited Jan. 23, 2022).

Recently, the Seventh Circuit held that COVID-19 could not be an extraordinary and compelling reason for release for an inmate who had declined the vaccine without an adequate medical justification. *See United States v. Broadfield*, 5 F.4th 801 (7th Cir. 2021). In so holding, the court reasoned, "[F]or the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer far more relief than a judicial order. A prisoner who can show that he is unable to receive or benefit from a vaccine may still turn to this statute, but, for the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for

---

[2] The evidence submitted by the United States shows that Mr. Garcia received the first dose of the Pfizer vaccine on April 29. 2021. Dkt. 426-1. Mr. Garcia has not advised the Court that he did not receive the second dose of the vaccine or otherwise cannot become fully vaccinated.

immediate release." *Id.* at 803. Since its holding in *Broadfield*, the Seventh Circuit has re-affirmed this conclusion on several occasions. *See, e.g.*, *United States v. Kurzynowski*, 17 F.4th 756, 760-61 (7th Cir. 2021) ("Vaccinated prisoners in 2021 do not face the same risks of serious illness as they did in 2020. . . . Because Kurzynowski is vaccinated, he is ineligible for relief on remand.")

Here, Mr. Garcia has received at least one dose of a vaccine and he has not presented evidence showing that he cannot benefit from the COVID-19 vaccine. Given these facts and the rationales of *Broadfield* and *Kurzynowski*, the Court declines to exercise its discretion to find that the risk Mr. Garcia faces from the COVID-19 pandemic constitutes an extraordinary and compelling reason warranting release under § 3582(c)(1)(A). *See United States v. Gaskins*, No. 1:16-cr-249-JMS-MJD-3, dkt. 274 (S.D. Ind. Feb. 16, 2021) (finding no extraordinary and compelling reason based on COVID-19 risk where defendant had been fully vaccinated); *United States v. Schoonover*, No. 1:02-cr-156-JMS-TAB-01, 2021 WL 1814990, at *4 (S.D. Ind. May 6, 2021) (same); *see also United States v. Harris*, No. 4:16-cr-40073-SLD, 2021 WL 2021440, at *3 (C.D. Ill. May 20, 2021) ("In light of his vaccination and the low number of cases at USP Lompoc currently, the Court finds that Defendant has not shown extraordinary and compelling reasons for release exist based on the COVID-19 pandemic.").

### IV. Conclusion

For the reasons stated above, Mr. Garcia's motion for compassionate release, dkt. [416], is **denied**.

**SO ORDERED.**

Date: 2/23/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All Electronically Registered Counsel